**FILED**

Mar 16 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ vanessac          DEPUTY

DAVID BARNARD
8604 COFFMAN PICO ROAD
PICO RIVERA, CALIFORNIA 90660
(562) 566-8440

Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BARNARD | Case No. **'20 CV0493 GPC MDD** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | VIOLATION / DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW |
| THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), D.H.S. MANAGEMENT DIRECTORATE (D.H.S.-MGMT), FEDERAL PROTECTIVE SERVICES (F.P.S.) P. YOUNG (ID NO. 1074), and DOES 1 through 5, all in their individual capacity, inclusive; in the same incident THE UNITED STATES CUSTOMS AND BORDER PROTECTION, and DOES 6 through 10, all in their individual capacity, inclusive. | **[42 U.S.C. § 1983, et. Seq.]** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMES NOW Plaintiff, DAVID BARNARD, and for causes of action against Defendants, and each of them, complain and allege as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction in this Honorable Court arises pursuant to Federal Statute, under 28 U.S.C. §§ 1331, 1343, 1367. Jurisdiction is further established in this Honorable Court under 42 U.S.C. §§ 1983, 1985, and 1986.

2.      Venue is proper in District Court, pursuant in 28 U.S.C. § 1391, as the underlying acts, omissions, events, injuries, and related facts and circumstances upon which the present action are based, occurred in the County of San Diego, State of California, within the boundaries of the Southern District of this Honorable Court.

## GENERAL ALLEGTIONS

3.      Plaintiff, and individual, is and at all times mentioned herein was, a resident of The County of Los Angeles, State of California.

4.      At all times mentioned herein Defendants, THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), THE GENERAL SERVICES ADMINISTRATION (G.S.A.), D.H.S. MANAGEMENT DIRECTORATE (D.H.S.-MGMT), THE FEDERAL PROTECTIVE SERVICE (F.P.S.), PROTECTIVE SECURITY OFFICER (P.S.O.) P. YOUNG (ID NO. 1074), and DOES 1 through 5, were public entities, duly organized and existing under and by virtue of the laws of The United States Federal and The State of California, in the same incident, THE UNITED STATES CUSTOMS AND BORDER PROTECTION (C.B.P.), and DOES 6 through 10, were public entities, duly organized and existing under and by virtue of the laws of The United States Federal and The State of California.

5.      Plaintiff is informed, believes and thereupon alleges, that at all times relevant herein, the individual Defendants, and each of them, were residents of the State of California, and were officers, deputies, protective security officers, supervisors, contractors, employees, agents, servants, policymakers, and representatives, of Defendants THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), THE GENERAL SERVICES ADMINISTRATION (G.S.A.), D.H.S. MANAGEMENT DIRECTORATE (D.H.S.-MGMT), THE FEDERAL PROTECTIVE SERVICE (F.P.S.), and DOES 1 through 5, each individual Defendant is sued in his individual capacity. In the same incident THE UNITED STATES CUSTOMS AND BORDER PROTECTION (C.B.P.), and DOES 6 through 10, each sued in his individual capacity.

6.      At all times relevant herein, Defendants THE DEPARTMENT OF HOMELAND SECURITY (D.H.S.), FEDERAL PROTECTIVE SERVICE (F.P.S.), PROTECTIVE SECURITY OFFICER (P.S.O.) P. YOUNG (ID NO. 1074), and DOES 1 through 5, in the same incident THE UNITED STATES CUSTOMS AND BORDER PATROL, and DOES 6 THROUGH 10, and each of them, were acting under the color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs, practices and usages of Defendants THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), GENERAL SERVICES ADMINISTRATION (G.S.A.), D.H.S. MANAGEMENT DIRECTORATE (D.H.S.-MGMT), THE FEDERAL PROTECTIVE SERVICE (F.P.S.) FEDERAL PROTECTIVE SERVICES (F.P.S.), FEDERAL PROTECTIVE OFFICER (F.P.O.) P. YOUNG (ID NO. 1074) said DOE Defendants, in the same incident THE UNITED STATES CUSTOMS AND BORDER PROTECTION (C.B.P.), said DOE Defendants, were acting within the course and scope of their employment with Defendants THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), GENERAL SERVICES ADMINISTRATION (G.S.A.), DHS MANAGEMENT DIRECTORATE (D.H.S.-MGMT), THE FEDERAL PROTECTIVE SERVICES (F.P.S.), and in the same incident THE UNITED STATES CUSTOMS AND BORDER PROTECTION (C.B.P.), and the wrongful acts hereinafter described flow from the very exercise of their authority. Each Defendant was also acting as an employee, agent, representative, and contractor of each and every other Defendant herein, and in doing the acts herein alleged were acting with the agreement, permission, consent, ratification, and authority of their co-defendants.

7.      Plaintiff is informed and believes, and thereupon alleges that at all times relevant herein. Defendants FEDERAL PROTECTIVE SERVICE (F.P.S.) PROTECTIVE SECURITY OFFICER (P.S.O.) P. YOUNG (ID NO. 1074), and DOES 1 through 5, in the same incident THE UNITED STATES CUSTOMS AND BORDER PROTECTION (C.B.P.), and DOES 6 through 10, were supervisors and policy makers for Defendants THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), GENERAL SERVICES ADMINISTRATION (G.S.A.), D.H.S. MANAGEMENT DIRECTORATE (D.H.S.-MGMT), FEDERAL PROTECTIVE SERVICES (F.P.S.), in the same incident THE UNITED STATES CUSTOMS AND BORDER PROTECTION (C.B.P.).

8.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 5, in the same incident DOES 6 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges, that each of the fictitiously named Defendant(s) is legally liable and responsible, knowingly, intentionally, deliberately or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and deprivation of rights hereinafter alleged. Plaintiff will seek leave of Court to Amend this Complaint and state the true names and/or capacities of said fictitiously named Defendants when the same have been ascertained.

9.      Plaintiff was unlawfully detained, falsely charged and issued citations, waist chains and chained handcuffs were placed on him, his vehicle was unlawfully seized or impounded and towed, a unlawful alert was activated when Plaintiff surrenders California Drivers License or California Identification to Primary Inspection Officer, a Secondary alert appears on computer monitor indicating a mandatory Secondary Inspection, the Plaintiff then forced to undergo the discriminating, prejudice, time consuming, time delaying inspections. THE DEPARTMENT OF HOMELAND SECURITY (D.H.S.) FEDERAL PROTECTIVE SERVICES (F.P.S.) PROTECTIVE SECURITY OFFICERS (F.P.O.) In ignorance and prejudice P. YOUNG (ID NO. 1074) committed perjury, conspiracy, obstruction of justice, fraud, and unlawful detainment. YOUNG unlawfully refused/failed to perform her duties as required by law, perjured about the entire incident making falsified statements on all her reports and issued falsified citations to Plaintiff, perjured making falsified statements sworn and in all court hearings held at The United States District Court by falsifying, planting, fabricating, inventing, and hiding, withholding, concealing evidence, witnesses, information, records, agreements, refusal/failure to submit evidence for examination, inspection, analysis, testing, recording, photographing, refusal/failure to disclose compelling exculpatory evidence to Defendant or Prosecution. YOUNG falsified charges and issued Plaintiff 5 United States District Court citations, she did not have authority or jurisdiction to detain, charge Plaintiff nor issue citations, and impound or tow his vehicle.

THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), THE UNITED STATES CUSTOMS AND BORDER PATROL unknown SUPERVISOR(S) DOES 6 through 10 knowingly, deliberately, intentionally and unlawfully activated a mandatory Secondary Inspection "ALERT" so that anytime Plaintiff drove through The San Ysidro Port of Entry to the United States, the Primary Inspection Officer would view a mandatory Secondary Inspection "ALERT" on the computer screen after entering Plaintiffs California Drivers License Number. The Officers would direct the Plaintiff to Secondary Inspection, this "ALERT" remained activated for several months, this violated/deprived Plaintiff of many Amendments by The United States Constitutional Rights and violated/deprived he of many Civil Rights. All charges were dismissed on September 14, 2017 at THE UNITED STATES DISTRICT COURT AT 221 WEST BROADWAY, SAN DIEGO, CALIFORNIA

### FIRST CAUSE OF ACTION
### VIOLATION/DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
### AGAINST ALL DEFENDANTS

10.     Plaintiff hereby realleges & incorporates each and every allegation set forth in Paragraphs 1 through 9, herein.

11.     THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), GENERAL SERVICES ADMINISTRATION (G.S.A.), D.H.S. MANAGEMENT DIRECTORATE (D.H.S.-MGMT), THE FEDERAL PROTECTIVE SERVICE (F.P.S.), PROTECTIVE SECURITY OFFICER (P.S.O.) (female) P. YOUNG (ID NO. 1074), and DOES 1 through 5, in the same incident, THE UNITED STATES CUSTOMS AND BORDER PROTECTION (C.B.P.), DOES 6 through 10. Three unknown UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), THE UNITED STATES CUSTOMS AND BORDER PROTECTION (C.B.P.) Officers DOES 6 through 10, each of them, while in the course and scope of their employment with Defendants THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), In ignorance and prejudice acting under the color of authority, knowingly, deliberately, intentionally, and wrongfully and unlawfully detained, falsely charged and issued citations, unlawfully seized and impounded vehicle, conducted a unlawful strip search, upon Plaintiff, without lawful excuse and justification, in the following manner:

Specifically, Defendants P.YOUNG (ID NO. 1074), and DOES 1 through 5, in the same incident DOES 6 through 10, On March 08, 2017, Plaintiff was waiting in idle in his 2006 Nissan 350Z Coupe (the color Platinum) in line 26 at the San Ysidro Port of Entry (port code 2504), 720 East San Ysidro Boulevard, San Ysidro, Ca 92173,

-3-

(619)690-8900, to enter The United States. The vehicle in front of Plaintiff advanced, Plaintiff accelerated, a nano second passed, and heard a scream, Plaintiff immediately stopping his vehicle, he looked at a FEDERAL PROTECTIVE SERVICE (F.P.S.) PROTECTIVE SECURITY OFFICER (P.S.O.) (female) DOE 1 who was walking with a leashed K-9 dog. He asked DOE 1 if she screamed ? She ignored him called for assistance, three unknown FEDERAL PROTECTIVE SERVICE (F.P.S.) PROTECTIVE SECURITY OFFICERS (P.S.O.), appeared walking across lines 1 though 26 toward Plaintiff's vehicle, they are (male) DOE 2, (male) DOE 3, (male) DOE 4, and (female) P. YOUNG (ID NO. 1074).

Each of them stopped Plaintiffs vehicle, DOE 1 and YOUNG spoke with each other for about 15 minutes, DOE 1 left the scene. Plaintiff was ordered to park his vehicle, then YOUNG asked Plaintiff for his Drivers License, and Vehicle Registration. Plaintiff asked YOUNG who she was ? where did DOE 1 go ?, and asked YOUNG why she is becoming involved ? He then disclosed the information YOUNG requested, she walked away from Plaintiff's vehicle. YOUNG returned asking the Plaintiff why he is in Mexico ?, where he was going ?, and where he worked ?. YOUNG stated to Plaintiff that he did not have a valid drivers license, Plaintiff replied stating to YOUNG that the California Drivers License Card she had in her hand was valid, YOUNG lied to the Plaintiff. The Plaintiff stated he was visiting a frequented beach home, and he was driving to Behavioral Systems Southwest, a 18 month D.U.I. offender program, absence walk in makeup Recovery Group Session/Meeting.

Plaintiff stated he was not employed, and offered to call his Counselor at Behavioral Systems Southwest so that YOUNG confirmed his enrollment in their program, and justify my driving that day. YOUNG ignored the Plaintiff and walked along side of Plaintiff's vehicle while he was driving on line 26 to Primary and forced into Secondary Inspection. There is hours of security video evidence available which will prove YOUNG perjured about the entire incident. YOUNG ordered Plaintiff to follow her to a building, at this point in time Plaintiff was falsely detained, his property including his shoe laces were seized, waist chains and chained handcuffs were placed on him, plaintiff was taken to a detention isolation single cell where he was unlawfully strip searched.

The Plaintiff was then removed from the detention isolation single cell, his property returned, the waist chains and chained handcuffs removed, the Plaintiff was released and ordered to return to his vehicle, minutes passed and YOUNG returned to the Plaintiffs vehicle. Plaintiff stated he was speaking with his counselor at Behavioral Systems Southwest on his cellphone, he asked YOUNG to confirm enrollment to justify where he was driving to, but Young refused. Plaintiff's Counselor at Behavioral Systems Southwest kept record of his cellphone call to him the day of the incident, and he also recorded the conversation with YOUNG as she called him at 6pm asking if I was a counselor at Behavioral Systems Southwest ? He answered no. Plaintiffs vehicle was impounded or towed to a storage facility.

I never stated to YOUNG that I was employed at Behavioral Systems Southwest, I disclosed my counselors office number to call and confirm enrollment, I was a client, verify I was enrolled, a client, and justify I was driving to attend a walk in makeup Group Session/Meeting. YOUNG is prejudice, ignorant, and pathological delusional liar. Young ordered Plaintiff to follow her to a second building where she issued five falsified United States District Court Citations, Plaintiff was forced to sign the citations, Young wrote the time of 4:30pm on all five citations, then told Plaintiff he would be receiving a notice in mail a date and time for the court appearance, then told Plaintiff " I'm taking your car away from you " smiling and handed Plaintiff the citations. Plaintiff returned to his vehicle and gathered his property from the interior of his vehicle, and gave his vehicle keys to the tow truck driver, and asked the tow truck driver for a card, then walked looking for a taxi cab.

THE DEPARTMENT OF HOMELAND SECURITY (D.H.S.) FEDERAL PROTECTIVE SERVICES (F.P.S.) PROTECTIVE SECURITY OFFICERS (F.P.O.) do not have jurisdiction or authority to make misdemeanor arrests, nor issue citations, and cannot impound or store vehicles, and that they can only detain or hold a person who has committed a felony crime until local law enforcement or authorities arrive. THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), THE UNITED STATES CUSTOMS AND BORDER PATROL unknown SUPERVISOR(S) DOES 6 through 10 knowingly, deliberately, intentionally and unlawfully activated a mandatory Secondary Inspection "ALERT" so that anytime Plaintiff drove through The San Ysidro Port of Entry to the United States, the Primary Inspection Officer would view a mandatory Secondary Inspection "ALERT" on the computer screen after entering Plaintiffs California

-4-

Drivers License Number. The Officers would direct the Plaintiff to Secondary Inspection, this "ALERT" remained activated for several months, this violated/deprived Plaintiff of many Amendments by The United States Constitutional Rights and violated/deprived he of many Civil Rights. All charges were dismissed on September 14, 2017 at THE UNITED STATES DISTRICT COURT AT 221 WEST BROADWAY, SAN DIEGO, CA 92101.

12.      At no time did Plaintiff violate law nor pose a threat to Officers, himself, or others.

13.      The unlawful detainment, falsified charges and citations, the illegal strip search, unlawful impound or tow storage by P. YOUNG (ID NO. 1074), and DOES 1 through 5, in same incident DOES 6 through 10, the activation of the ALERT where when Plaintiff drove through and each of them, was unconstitutional, without cause or justification, illegal and in violation/ deprivation of Amendments by United States Constitutional Rights.

THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), FEDERAL PROTECTIVE SERVICE (F.P.S.) contracts with private security firms to provide 13,000 contract Armed Protective Security Officers (P.S.O.) providing access control and Security Response within Federal Buildings, these Armed Protective Security Officers (P.S.O.) are not Federal Law Enforcement but private security employees, they are trained by THE FEDERAL PROTECTIVE SERVICE (F.P.S.) PROTECTIVE SECURITY OFFICER(S) (P.S.O) DO NOT HAVE AUTHORITY NOR JURISDICTION TO ISSUE MISDEMEANOR VEHICLE TRAFFIC CODE VIOLATION CITATIONS, they can only detain a person for local law enforcement. FEDERAL PROTECTIVE SECURITY (F.P.S.) is a component of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), THE GENERAL SERVICES ADMINISTRATION (G.S.A.) operated by D.H.S. MANAGEMENT DIRECTORATE (D.H.S.-MGMT) which serves as central administrative support organization for THE DEPARTMENT OF HOMELAND SECURITY (D.H.S.).

14.      The wrongful concuct alleged herein is just one typical example of the implementation of a larger policy, pattern and practice of the THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), FEDERAL PROTECTIVE SERVICE (F.P.S.), to, under color of law, deprive citizens and or prisoners of their unalienable rights, by failing to protect them from acts of misconduct by Officers, and Supervisors. Furthermore said conduct also evidences a related policy, pattern and practice of committing, condoning, ratifying, approving, and otherwise tacitly approving, by condoning, overlooking and failing to prevent by arrest or appropriately discipline, acts of misconduct by Officers, and Supervisors, and acts which would likely cause no probable cause, falsification of evidence, unlawful detainment, illegal searches & seizures, planting evidence, fabrication of evidence, distortion of evidence, hiding evidence, withholding evidence, concealing evidence, failing to disclose compelling exculpatory evidence, perjury, conspiracy, obstruction of justice, fraud and failure to properly hire, train, supervise, discipline staff, negligent retention of subject officials, and maintenance of a "code of silence" whereby no other Officers or Supervisors, staff members, or policy maker would disclose or intervene to prevent, and or would actively cover up the aforementioned misconduct.

15.      The Plaintiff alleges that Defendants THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (D.H.S.), THE FEDERAL PROTECTIVE SERVICE (F.P.S.) PROTECTIVE SECURITY OFFICER(S) (P.S.O) P. YOUNG (ID NO, 1074) and DOES 1 through 5, in the same incident THE UNITED STATES CUSTOMS AND BORDER PROTECTION (C.B.P.) DOES 6 through 10, and each of them in deliberate indifference to the rights and liberties of the Public in general and of the Plaintiff in particular, knowingly maintained, enforced, and applied a policy and practice of:

a.      Employing and retaining Officers and Supervisors who said Defendants at all times material herein knew, or reasonably should have known, had dangerous propensities for abusing and or neglecting their authority and committing acts of unlawful detention, false charges and falsified citations, unlawful strip search, unlawful vehicle impounding or towing, unlawful impersonation of a law enforcement official- P.S.O. do not have authority nor jurisdiction to conduct misdemeanor arrests, issue citations, impound vehicles, strip search, they can only hold persons for felony arrests until local law enforcement arrives;

b.      Inadequately supervising, training, controlling, assigning, and disciplining Officers and Supervisors who said Defendants knew, or in the exercise of reasonable care should have know, had the afore-described propensities and character traits;

c.      Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the conduct of Officers and Supervisors, particularly with respect to illegal acts and the metioned civil rights violations;

d.      Knowingly permitting Officers and Supervisors to perjure and falsify charges and falsify citations, and impounding Plaintiffs vehicle without jurisdiction nor authority.

e.      Fostering and encouraging, a policy, pattern and practice of misconduct and civil right violations on Plaintiff.

16.     * will amend this section

17.     *will amend this section

18.     *will amend this section

19.     *will amend this section

20 .    The aforementioned acts of the Defendants Young (ID NO. 1074), and DOES 1 through 5, in same incident DOES 6 through 10, and each of them, were done by them knowingly, deliberately, intentionally, and maliciously, for the purpose of harassment, oppression and inflicting injurous damages, distress upon Plaintiff , and in reckless, wanton and callous disregard of Plaintiff's Liberty, Welfare, Safety, Security and Civil Rights. By reason thereof, Plaintiff claims exemplary and punitive damages from said Defendants in an amount according to proof at trial.

21.     Plaintiff is further entitled to recover all damages provided for the violation of these rights and his personal injuries or distress, including but not limited to, general and special damages according to proof, punitive damages, costs of suit and attorney fees under 42 U.S.C. § 1988.

**WHEREFORE, Plaintiff prays for Judgement against Defendants, as follows:**

1.For general and special damages in an as yet unascertained amount but within the jurisdiction of The Superior Court according to proof at time of trial, plus interest thereon at the maximum legal rate.

2. For pre-Judgment interest, as recoverable;

3. For punitive damages against the individual Defendants;

4. For reasonable attorney's fees incurred herein and as recoverable, including and attorney's fees under 42 U.S.C. §1988;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems appropriate.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**

Dated: 03/13/2020

DAVID BARNARD
Plaintiff in Pro Persona