1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DAVID BARNARD,<br><br>                                    Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS), DHS MANAGEMENT DIRECTORATE (DHS-MGMT), FEDERAL PROTECTIVE SERVICES (FPS) P. YOUNG (ID NO. 1074), and DOES 1 through 5, all in their individual capacity, inclusive; in the same incident; THE UNITED STATES CUSTOMS AND BORDER PROTETION, and DOES 6 through 10, all in their individual capacity, inclusive,<br><br>                                    Defendants. | Case No.:  20-cv-493-GPC(MDD)<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |

On March 16, 2020, Plaintiff David Barnard, proceeding *pro se*, and *in forma pauperis* ("IFP"), filed a civil rights complaint against Defendant P. Young (ID No. 1074), a Protective Security Officer ("PSO"), U.S. Department of Homeland Security, DHS Management Directorate, General Services Administration, ("GSA"), Federal Protective Services and U.S. Department of Homeland Security Customs and Border Protection ("CBP") pursuant to 42 U.S.C. § 1983 for violating his civil rights based on

1

his unlawful detention, unlawful seizure of his vehicle and an unlawful arrest during a stop at the San Ysidro Port of Entry on March 8, 2017. (Dkt. No. 1, Compl. at 3.) He also filed a motion to proceed in forma pauperis.[1] (Dkt. No. 2.) Based on the reasoning below, the Court GRANTS Plaintiff's motion to proceed in forma pauperis and SUA SPONTE dismisses the action for failure to state a claim with leave to amend.

## A.     Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff submitted an affidavit reporting that he receives $121.00 per month from public assistance but $71.00 per month goes to store his vehicle, (Dkt. No. 2 at 2). He also receives $192 per month in food credit from CalFresh. (*Id.* at 9.) He is unemployed, has no cash, and does not own property. (*Id.* at 2-3.) He owns a 2006 Nissan 350Z which is in storage and not operational. (*Id.* at 3.) Because Plaintiff has demonstrated he is unable to afford the filing fee, the Court GRANTS Plaintiff's motion for leave to proceed IFP.

---

[1] Attached to the motion to proceed in forma pauperis, Plaintiff attached a form affidavit in support of request for counsel. (Dkt. No. 2 at 6-8.) However, the affidavit merely provides answers regarding Plaintiff's financial state and does not provide any reasons in support of a request for counsel. It appears Plaintiff submits the form affidavit to support his motion for IFP. To the extent Plaintiff seeks request for appointment of counsel, Plaintiff must provide reasons to support his request. The Court notes that Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

**B.      Sua Sponte Review Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2).  *Lopez*, 203 F.3d at 1127.

Under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Here, Plaintiff alleges 42 U.S.C. §1983 constitutional claims against several federal agencies as well as Protective Security Officer P. Young (ID No. 1074) under color of state and federal law.  (Dkt. No. 1., Compl at 2.)  First, section 1983 "provides no cause of action against federal agents acting under color of federal law." *Billings v. United States,* 57 F.3d 797, 801 (9th Cir. 1995).  "Section 1983 provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia."  *Daly–Murphy v. Winston*, 837 F.2d 348, 355

1  (9th Cir. 1987). Here, there is no indication that the federal agent was acting under color
2  of state law. Therefore, the complaint based on 42 U.S.C. § 1983 fails to state a claim.
3      A civil rights claim against a federal official in his or her personal capacity may be
4  brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotic*s, 403
5  U.S. 388 (1971). *Bivens* is the "federal analog" to § 1983 as to state actors. *Hartman v.*
6  *Moore*, 547 U.S. 250, 254, 255 n.2 (2006). In *Bivens*, the Supreme Court recognized a
7  cause of action for damages against federal officers for alleged violation of a citizen's
8  rights under the Fourth Amendment. *Bivens*, 403 U.S. at 397. In subsequent cases, the
9  Supreme Court recognized a similar cause of action against federal actors for alleged
10  violations of the Due Process Clause of the Fifth Amendment and the Cruel and Unusual
11  Punishment clause of the Eighth Amendment. *Correctional Servs. Corp. v. Malesko*, 534
12  U.S. 61, 67-68 (2001).
13      Even if the Court liberally construes Plaintiff's § 1983 action as a claim under
14  *Biven*, that cause of action is only available against officials acting under color of federal
15  law in their individual capacities, not official capacities, and neither the United States nor
16  any of its agencies is a proper defendant. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994)
17  (federal agencies are not proper defendants in a *Bivens* action); *Thomas-Lazear v. FBI*,
18  851 F.2d 1202, 1207 (9th Cir. 1988) ("The Bivens remedy exists against individual
19  officials, not against the United States."). Therefore, to the extent Plaintiff seeks to bring
20  a *Bivens* cause of action for damages against U.S. Department of Homeland Security,
21  DHS Management Directorate, the General Services Administration ("GSA"), Federal
22  Protective Services ("FPS"), and U.S. Department of Homeland Security, Customs and
23  Border Protection Agency ("CBP"), his claims are not cognizable and the Court *sua*
24  *sponte* DISMISSES them for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2).
25  *See Calhoun*, 254 F.3d at 845*; Lopez*, 203 F.3d at 1127.
26      A Bivens action may be brought against the responsible federal official in his or
27  her individual capacity. *Daly-Murphy*, 837 F.2d at 355; *see Correctional Services Corp.*
28  *v. Malesko,* 534 U.S. 61, 69 (2001) ("'[T]he purpose of Bivens is to deter the officer,' not

4

the agency.") (quoting *Meyer*, 510 U.S. at 485)).

Here, Plaintiff improperly brings a § 1983 claim against a federal employee, Defendant Young; however, to the extent he seeks to bring a *Bivens* claim against Defendant Young, in his personal capacity, Plaintiff is granted to leave to correct the deficiencies in his complaint.

## Conclusion

Based on the above, the Court GRANTS Plaintiff's motion to proceed in forma pauperis, and *sua sponte* DISMISSES the complaint for failure to state a claim with leave to amend. Plaintiff shall file an amended complaint on or before **May 1, 2020**. Plaintiff's amended complaint must be complete in itself without reference to the superseded pleading in accordance with Southern District of California Local Civil Rule 15.1.

**IT IS SO ORDERED.**

Dated: April 6, 2020

Hon. Gonzalo P. Curiel
United States District Judge

20-cv-493-GPC(MDD)