UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BARNARD,<br><br>                    Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS), DHS MANAGEMENT DIRECTORATE (DHS-MGMT), FEDERAL PROTECTIVE SERVICES (FPS) P. YOUNG (ID NO. 1074), and DOES 1 through 5, all in their individual capacity, inclusive; in the same incident; THE UNITED STATES CUSTOMS AND BORDER PROTETION, and DOES 6 through 10, all in their individual capacity, inclusive,<br><br>                    Defendants. | Case No.:  20-cv-493-GPC(MDD)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT** |

On March 16, 2020, Plaintiff David Barnard, proceeding pro se, filed a civil rights complaint against Defendant P. Young (ID No. 1074), a Protective Security Officer ("PSO"), U.S. Department of Homeland Security, DHS Management Directorate, General Services Administration, ("GSA"), Federal Protective Services and U.S. Department of Homeland Security Customs and Border Protection ("CBP") pursuant to 42 U.S.C. § 1983 for violating his civil rights based on his unlawful detention, unlawful

seizure of his vehicle and an unlawful arrest during a stop at the San Ysidro Port of Entry on March 8, 2017. (Dkt. No. 1, Compl. at 3.) On April 6, 2020, the Court granted Plaintiff's motion to proceed in forma pauperis but sua sponte dismissed the Complaint for failure to state a claim and granted him leave to file an amended complaint on or before May 1, 2010. (Dkt. No. 3.) On April 30, 2020, Plaintiff filed a timely request for extension of time to file an amended complaint due to his medical condition. Good cause appearing, the Court GRANTS Plaintiff's request for a ninety-day extension. Plaintiff shall be granted leave to file an amended complaint on or before **August 1, 2020**.

Plaintiff's amended complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

Moreover, if Plaintiff fails to file an amended complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: May 4, 2020

Hon. Gonzalo P. Curiel
United States District Judge