UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BARNARD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS), DHS MANAGEMENT DIRECTORATE (DHS-MGMT), FEDERAL PROTECTIVE SERVICES (FPS) P. YOUNG (ID NO. 1074), and DOES 1 through 5, all in their individual capacity, inclusive; in the same incident; THE UNITED STATES CUSTOMS AND BORDER PROTETION, and DOES 6 through 10, all in their individual capacity, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-493-GPC(MDD)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT**<br><br>[Dkt. No. 10.] |

　　　On March 16, 2020, Plaintiff David Barnard, proceeding *pro se*, filed a civil rights complaint against Defendant P. Young (ID No. 1074), a Protective Security Officer ("PSO"), U.S. Department of Homeland Security, DHS Management Directorate, General Services Administration, ("GSA"), Federal Protective Services and U.S. Department of Homeland Security Customs and Border Protection ("CBP") pursuant to 42 U.S.C. § 1983 for violating his civil rights based on his unlawful detention, unlawful

seizure of his vehicle and an unlawful arrest during a stop at the San Ysidro Port of Entry on March 8, 2017. (Dkt. No. 1, Compl. at 3.) On April 6, 2020, the Court granted Plaintiff's motion to proceed in forma pauperis but sua sponte dismissed the Complaint for failure to state a claim and granted him leave to file an amended complaint on or before May 1, 2010. (Dkt. No. 3.) On May 4, 2020, the Court granted Plaintiff's timely request for extension of time to file an amended complaint due to his medical condition. (Dkt. No. 6.) On August 5, 2020, the Court granted Plaintiff's motion for extension of time to file an amended complaint on or before November 1, 2020. (Dkt. No. 8.) On November 2, 2020, instead of filing an amended complaint, Plaintiff filed a motion for appointment of counsel. (Dkt. No. 10.)

Plaintiff contends he does not have the ability to obtain counsel because he (1) cannot pay for the cost of an attorney, (2) the side effects of his medication prohibit him from effectively seeking representation, and (3) he does not have access to the internet to conduct legal research. (*Id.*)

### Legal Standard

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Rosolution Trust Corp.* (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Nevertheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint legal representation for "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrel v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A civil plaintiff who seeks appointment of counsel must make a reasonably diligent effort to obtain counsel before a court may exercise its discretion under § 1915(e)(1). *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

In addition to the threshold requirements, court appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) requires a finding of "exceptional circumstances." *Terrel*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon,* 789 F.2d 1328,1331 (9th Cir. 1986)). Determining whether "exceptional circumstances" exist requires a court to evaluate the petitioner's (1) likelihood of success on the merits, and (2) ability to articulate his claims

pro se. *Id*. "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.*

### Discussion

Upon the examination of the threshold requirements for appointment of counsel, Plaintiff has established his indigence by successfully obtaining IFP status. Plaintiff has also made a reasonably diligent effort to obtain counsel. Plaintiff contacted three law firms in Los Angeles where he spoke to legal assistants via telephone. (Dkt. No. 10 at 2-4.) He also left voice messages with four different attorneys. (*Id.*) Finally, Plaintiff spoke to an attorney in Newport Beach. (*Id.*) After meeting the threshold requirements, the Court must now determine whether Plaintiff has shown "exceptional circumstances" for the Court to exercise its discretion to appoint counsel. Exceptional circumstances may be established by examining Plaintiff's likelihood of success on the merits, and his ability to articulate claims *pro se*.

**A. Likelihood of Success on the Merits**

"A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore,* No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) (citing *Bailey v. Lawford,* 835 F. Supp. 550, 552 (S.D. Cal. 1983). Here, this Court dismissed Plaintiff's complaint in its entirety and granted him leave to amend. (Dkt. No. 3.) Notwithstanding Plaintiff's assertions in the dismissed complaint, the court does not have enough information to determine Plaintiff's likelihood of success on the merits. In other words, "at this early stage of the case, the Court cannot find that Plaintiff is likely to succeed on the merits." *Raya v. Barka,* No. 3:19-CV-2295-WQH-AHG, 2020 WL 5877848, at *2 (S.D. Cal. Oct. 2, 2020) (other than allegations in the dismissed complaint and a note from the Employee Benefit Security Administration, there is little before the court to assess the merits of the plaintiff's case); *see Thomas v. Richard J. Donovan Corr. Facility Warden,* No. 19cv2181-JAH-RBB, 2020 WL 364228, at *2 (S.D. Cal. Jan 22, 2020) (court declined to exercise its discretion and appoint counsel because plaintiff's

complaint was dismissed, and "even assuming he is able to amend, it is simply too soon to tell whether he will be likely to succeed on the merits of any potential [] claim."). Plaintiff has failed to demonstrate the first factor to support his motion.

### B. Ability to Articulate Claims *Pro Se*

In regard to the second factor, Plaintiff offers several reasons as to why he would be unable to articulate his claims *pro se*, including: the side effects of his medication, hackers blocking him from conducting legal research, and lack of internet due to the ongoing pandemic and café closures. (Dkt. No. 10 at 5-6). Even taking these barriers into account, Plaintiff's contentions do not adequately demonstrate an inability to represent himself beyond the routine difficulties encountered by other plaintiffs proceeding *pro se*.

First, Plaintiff contends that he is enrolled in special assistance for inability to work due to his mental health conditions including depression, Post Traumatic Stress Disorder, and anxiety. (*Id.* at 5.) Plaintiff provided in his prior pleadings that because of these mental health conditions, he is consuming medication that has negative side effects, prohibiting him from focusing. (Dkt. No. 7 at 2.) Although mental impairments may warrant appointment of counsel in some circumstances, those impairments are limited to an "incapacitating mental disability," and "a plaintiff making that argument must present substantial evidence of incompetence." *Meeks v. Nunez,* No. 13CV973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017); *see Allen v. Calderon,* 408 F.3d 1150, 1153 (9th Cir. 2005) (a district court must hold a competency hearing "when substantial evidence of incompetence is presented."). Here, Plaintiff has not demonstrated that he has an incapacitating mental disability to warrant appointment of counsel.

Second, Plaintiff explains that he does not have access to legal resources due to the ongoing pandemic. (Dkt. No. 10 at 5-6.) However, courts in this district have "declined to find that the COVID-19 pandemic establishes exceptional circumstances." *Raya v. Barka*, No. 3:19-CV-2295-WQH-AHG, 2020 WL 5877848, at *2 (S.D. Cal. Oct. 2, 2020); *see Moore v. Lankford,* No. 19cv2406-DMS-BLM, 2020 WL 5363306, at *4 (S.D.

Cal. Sept. 8, 2020) ("Plaintiff's argument regarding library access due to COVID-19 also fails to establish an exceptional circumstance.").

Third, Plaintiff contends that his computers and cell phones have been hacked, resulting in him being unable to communicate via the internet. (Dkt. No. 10 at 6.) Again, Plaintiff's claims about his restricted computer access at home does not constitute exceptional circumstances beyond those experienced by other *pro se* plaintiffs. Therefore, Plaintiff's assertions do not justify appointment of counsel.

### C. Extension of Time

Nevertheless, in light of Plaintiff's difficulties in acquiring counsel or proceeding *pro se*, the Court grants Plaintiff a 90-day extension of time until **April 15, 2021** to file an amended complaint. Plaintiff's amended complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

Moreover, if Plaintiff fails to file an amended complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera,* 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

### Conclusion

Based on the above, the Court DENIES Plaintiff's request for appointment of counsel, and GRANTS Plaintiff an extension of time to file an amended complaint.

///
///
///

Plaintiff shall file an amended complaint on or before **April 15, 2021.**

**IT IS SO ORDERED.**

Dated: January 15, 2021

Hon. Gonzalo P. Curiel
United States District Judge